United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A-S 103 SAM HOUSTON TOWN CENTER, L.P., | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-19-2664 |
| SOS FURNITURE COMPANY, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the undersigned Magistrate Judge for all pretrial proceedings is Plaintiff's Motion for Summary Judgment (Document No. 14). Having considered that motion, the absence of a response to the motion, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment be GRANTED.

### I.    Background

This case, which was initially filed in state court and removed on the basis of diversity jurisdiction, is based on the breach of a commercial lease between Plaintiff A-S 103 Sam Houston Town Center, L.P. as lessor, and Mattress Pal Holding, LLC as lessee, and the guaranty of the lessee's obligations under that lease agreement by Defendant SOS Furniture Company, Inc. Plaintiff alleges that the lessee breached the terms of the lease by failing to pay rent and related fees from December 2018 through the end of the five year lease term (February 28, 2021), and that Defendant, as the lessee's guarantor, is liable for all of the lessee's obligations under the lease. According to

the allegations in Plaintiff's pleading, those financial obligations total $232,946.68, which is alleged to be the balance owed on the remainder of the term of the lease, plus prejudgment and attorneys' fees. Plaintiff's Original Petition (Document No. 1-1) at 8.

Plaintiff has filed a Motion for Summary Judgment, seeking judgment against Defendant, the lessee's guarantor, for all amounts due under the lease. According to Plaintiff, there is no genuine issue of material fact on Defendant's liability for the lessee's obligations under the Guaranty agreement, and that it is entitled to Judgment against Defendant for $360,824.57 in damages, plus prejudgment interest of $79,951.97 through September 3, 2020, and attorneys' fees of $12,720.21. Defendant has not, to this date, filed a response to the Motion for Summary Judgment.

**II.     Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there exists no genuine issue of material fact. *Brandon v. Sage Corp.*, 808 F.3d 266, 269—70 (5th Cir. 2015) (citing *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986)). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[1] A

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving

party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Brandon*, 808 F.3d at 270 (quoting *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006)).

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). "If the record, viewed in the light most favorable to non-movant, could not lead a rational trier of fact to decide in non-movant's favor, summary judgment is appropriate." *Allen v. Radio One of Texas II, LLC*, 515 Fed. Appx 295, 299 (5th Cir. 2013) (citing *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Kelley*, 992 F.2d at 1413. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2513 (1986).

**III. Discussion**

The breach of a lease agreement and the breach of an associated guaranty agreement give rise to breach of contract claims. To recover on a breach of contract claim, a plaintiff must allege and

---

party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marin Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Slack v. Consulate of Greece*, No. 14-18-00469-CV, 2020 WL 3528101, at *7 (Tex. App. June 30, 2020). When the contract at issue is a guaranty, a plaintiff must allege and prove: "(1) the existence and ownership of the guaranty agreement, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Smith v. Cmty. Nat. Bank*, 344 S.W.3d 561, 564 (Tex. App. 2011).

Here, Plaintiff has alleged and proven, with uncontroverted evidence, that it entered into a five-year lease agreement with Mattress Pal Holdings, LLC, for 3,150 square feet of commercial property at the commercial shopping center commonly known as Sam Houston Town Center. *See* Lease Agreement (Document No. 14-1 at 1). The lease, while signed on March 31, 2015, commenced and had an effective date of February 14, 2016, and expired on February 28, 2021. *See* Revised Declaration of Commencement Date (Document No. 14-3). The monthly rent due under the lease was $7,612.50. (Document Nos. 14-1 and 14-3 at p. 1), and the lessee was responsible for its pro rata share of common area maintenance charges, taxes and insurance over the term of the lease. Lease Agreement (Document No. 14-1) at Articles 5.1, 5.2, 5.3, 5.4, and 5.5. A security deposit in the amount of $11,022.38 was made by the lessee. *Id.* at Article 1.12.

The uncontroverted evidence also shows that the lessee, Mattress Pal Holdings, LLC, failed to make its rent payments starting in December 2018, and made no payments on the lease thereafter. *See* Affidavit of Mital Patel (Document No. 14-4) at ¶ 4. Plaintiff declared Mattress Pal Holdings, LLC to be in default on December 11, 2018 (Document No. 14-5), and Plaintiff took possession of

the property (Document No. 14-6), made repairs, alternations and improvements to the property. On April 7, 2019, Mattress Pal Holdings filed for bankruptcy (Document No. 14-7). On August 10, 2020, Plaintiff re-let the property to a new tenant, at a higher rent. *See* Affidavit of Mital Patel (Document No. 14-4) at ¶ 7. According to the Affidavit of Mital Patel, property accountant for Plaintiff's property manager, the damages associated with Mattress Pal Holdings, LLC's breach of the lease agreement include:

| | |
|---|---|
| Unpaid common area maintenance, insurance and taxes for 2018: | $13,236.34 |
| Unpaid Rent for 2019: | $89,995.82 |
| Unpaid common area maintenance, insurance and taxes for 2019: | $26,659.76 |
| Unpaid Tenant Billbacks for 2019: | $4,898.97 |
| Unpaid Rent for 2020 through August 10, 2020: | $55,497.58 |
| Unpaid common area maintenance, insurance and taxes for 2020: | $18,414.64 |
| Unpaid Leasing commissions: | $18,430.00 |
| Legal fees to find new tenant: | $5,250.00 |
| Commissions to find new tenant: | $48,336.60 |
| New tenant improvement: | $78,750.00 |
| Late Fees: | $7,350.00 |

(Document Nos. 14-4 and 14-8). Offset from that total ($366,819.71), is the additional rent ($5,995.14) received by Plaintiff from the new tenant from August 10, 2020, through the end of Mattress Pal Holdings' lease period of February 28, 2021, for a total of $360,824.57. *Id.*

Finally, the uncontroverted evidence shows that Plaintiff entered into a Guaranty agreement with Defendant SOS Furniture on March 31, 2015, pursuant to which Defendant SOS Furniture

5

agreed to pay Plaintiff "all rent obligations and all other sums of money to be paid by Tenant and its full performance of" the lease agreement between Plaintiff and Mattress Pal Holdings, LLC. Guaranty (Document No. 14-2) at 1, that Mattress Pal Holdings is in breach of its rent obligations, and that Defendant SOS Furniture has not made any payments on the outstanding lease obligations of Mattress Pal Holdings (Document No. 14-4 at ¶ 6).

Based on the uncontroverted summary judgment evidence, Mattress Pal Holdings, LLC breached the lease agreement between it and Plaintiff. Defendant SOS Furniture, as the guarantor of the lease, is liable for that breach. As for the damages available, the amounts set forth by Mital Patel in his Affidavit and attached summary (Document Nos. 14-4 and 14-8) are uncontroverted.[2]

---

[2] In its live pleading, which was filed on June 14, 2019, Plaintiff alleged that it was entitled to damages which represented the amount of unpaid rent through the term of the lease (February 2021). In its Motion for Summary Judgment, filed over a year later, Plaintiff has submitted summary judgment evidence of damages that far exceed those alleged in Plaintiff's pleading. The reason for the difference in damage calculations is two-fold: first, the damages allegations in Plaintiff's pleading did not include the pro rata share of common area maintenance, taxes and insurance due under Article 5, sections 5.1, 5.2, 5.3, 5.4 and 5.5 of the lease; and second, Plaintiff, subsequent to the filing of its live pleading, re-let the property on August 10, 2020, and the damages sought in the Motion for Summary Judgment include the costs and fees associated with the re-letting of the property. While those costs and fees, which are considerable, have increased Plaintiff's damages beyond the amounts for unpaid rent, common area maintenance fees, taxes and insurance through the remainder of the lease period, those additional re-letting fees are specifically provided for in the lease. Section 15.2(a) of the lease, along with the lease's definition of "Act of Default Expenses," provides for this as follows:

> Landlord shall have the right to terminate this Lease by providing written notice to Tenant, repossess the Premises, and recover from Tenant a sum of money equal to: (i) any unpaid Rent and other amounts accrued hereunder to the date of termination; (ii) an amount equal to all concessions granted to Tenant or incurred as a result of this Lease including, but not limited to, free or reduced Rent, construction allowances and brokerage commissions; (iii) Act of Default expenses (as defined below) and all other amounts due under this Article 15; and (iv) the total Rent and other sums required under this Lease to be paid by Tenant during the remainder of the Term discounted to present value as of the date of termination at the rate of six percent (6%) per annum minus the then present fair rent value of the Premises for such period, similarly discounted.

Based on the uncontroverted evidence in the record, which establishes the existence of a valid lease agreement and a valid guaranty agreement, the Plaintiff's performance under the lease agreement, Mattress Pal Holdings' breach of the lease agreement and Defendant SOS Furniture's failure to perform under the guaranty agreement, and the nature and amount of damages, including prejudgment interest and attorney's fees as established by the uncontroverted contents of the Affidavit of Jessica Levy (Document No. 14-9), Plaintiff is entitled to summary judgment on its breach of contract claim against Defendant SOS Furniture.

---

\* \* \*

> **"Act of Default Expenses"** as used herein shall mean all costs and expenses incurred by Landlord, including court costs and reasonable attorneys' fees, in (a) retaking or otherwise obtaining possession of the Premises, (b) removing and storing Tenant's or any other occupant's property; (c) repairing, cleaning, painting, restoring, altering, remodeling or otherwise putting the Premises into condition acceptable to a new tenant or tenants, (d) reletting all or any part of the Premises including, but not limited to, all costs incurred by Landlord in connection with any repairs, maintenance, changes, alterations, and improvements to the Premises; brokerage commissions, advertising costs, attorneys' fees, any economic incentives given to enter into leases with substitute tenants and costs of collecting rent from substitute tenants, (e) paying or performing any underlying obligation which Tenant failed to pay or perform, and (f) enforcing any of Landlord's rights, privileges and remedies arising as a consequence of the Act of Default.

(Document No. 14-1) at 12.  It could be argued that a damages calculation which exceeds the amounts due under the lease if there had been full performance is punitive, and that the re-letting of the premises did not mitigate damages, but instead increased them, *see generally DDR DB Stone Oak, L.P. v. Rector Party Co.*, No. 04-17-00018-CV, 2017 WL 6032541 (Tex. App. – San Antonio Dec. 6, 2017) ("The expenses incurred in an effort to mitigate damages are not to aggravate, but to lessen, the amount for which the wrongdoer might be held liable.") (quoting *Tex. & P. Ry. Co. v. Mercer*, 90 S.W. 557, 560 (Tex. 1936)), no such argument has been made. In addition, given section 15.1(a) of the lease, which provides for the type of re-letting damages sought by Plaintiff herein, as well as Defendant's failure to challenge those re-letting costs and fees, any argument about the damages associated with the re-letting of the premises has been waived.

IV.     **Conclusion and Recommendation**

Based on the foregoing and the conclusion that Defendant SOS Furniture Company, Inc. is liable, as the guarantor of the lease as between Plaintiff and Mattress Pal Holdings, LLC for the breach of that lease agreement and the damages available thereunder, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Summary Judgment (Document No. 14) be GRANTED and that judgment be entered against Defendant SOS Furniture Company, Inc. on Plaintiff's breach of contract claim, for $360,824.57, plus prejudgment interest of $79,951.97 through September 3, 2020 (and $177.45 per day thereafter until judgment is entered), plus attorney's fees and costs of $12,720.21.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 2nd day of November, 2020.

Frances H. Stacy
United States Magistrate Judge